IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                  ORDER

        v.                                              04-CR-98-C-01

TEAGE MARKO,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Teage Marko's supervised release was held on March 16, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by Associate Federal Defender Erika K. Bierma. Also present was United States Probation Officer Michael J. Nolan.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on November 4, 2004, following his conviction for theft of a firearm from a licensed dealer, in violation of 18 U.S.C. § 922(u). This offense is a Class D felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 46 months, with a 36-month term of supervised release to follow.

On August 11, 2005, defendant's original sentence was amended to a term of imprisonment of 41 months, with a 36-month term of supervised release to follow.

On April 29, 2007, defendant began his term of supervised release. On February 19, 2010, defendant violated Special Condition No. 5, which requires him to abstain from the use of drugs and participate in substance abuse treatment and testing, when he used cocaine. He violated this condition again on February 24, 2010, when he was unsuccessfully discharged from substance abuse aftercare. On February 23, 2010, defendant violated Standard Condition No. 7, requiring him to refrain from purchasing, possessing, using, distributing or administering any narcotic or other controlled substance or any paraphernalia related to such substances, when he possessed drugs and drug paraphernalia.

Defendant's conduct falls into the category of a Grade C violation. Upon finding a Grade C violation, the court has the discretion to revoke supervised release, extend it or modify the conditions of release. Under 18 U.S.C. § 3583(g)(1, revocation is mandatory if defendant was in possession of a controlled substance.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 36-month term of supervised release imposed on defendant on August 11, 2005, will be revoked.

Defendant's criminal history category is I. With a Grade C violation and a Criminal History Category I, defendant has an advisory guideline term of imprisonment of 3 to 9 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum sentence of imprisonment

upon revocation is 24 months because the offense of conviction was a Class D felony. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if the maximum custodial sentence in not imposed.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the middle of the guideline range. Such a sentence is reasonable and no greater than necessary to hold defendant accountable for his violations, reflect the seriousness of his supervision violations and protect the community from further criminal behavior by defendant.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 11, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of seven months with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 17th day of March, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge